IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GABRIELA R. CARNERO,

    Plaintiff,

v.

FEDERAL HOME LOAN MORTGAGE
CORPORATION, J.P. MORGAN CHASE,
dba WASHINGTON MUTUAL F.S.B.,
CHASE HOME FINANCE LLC, QUALITY
LOAN SERVICE CORPORATION, and
DOES 1–20, inclusive,

    Defendants.
                                       /

No. C 11-01029 WHA

**ORDER GRANTING
MOTION TO DISMISS**

**INTRODUCTION**

In this foreclosure action, defendants Federal Home Loan Mortgage Corporation ("FHLMC"), JPMorgan Chase Bank ("Chase"), Quality Loan Service Corporation, Chase Home Finance LLC, Mortgage Electric Registration Systems, Inc. ("MERS"), and Does 1–20 move to dismiss plaintiff's first amended complaint. For the reasons set forth below, defendants' motion is **GRANTED.**

**STATEMENT**

Plaintiff's complaint alleges the following. In April 2007, plaintiff refinanced the subject property, located in San Jose, with a $345,000 negative-amortization loan. Plaintiff entered into the loan in order to lower her interest rate and consolidate consumer debt in hopes of owning the

1  subject property outright.  The loan was approved on the basis of plaintiff's stated income and
2  credit scores.  No further due diligence was taken by Washington Mutual, F.S.B. ("WaMu") to
3  determine plaintiff's ability to repay.  Plaintiff was not explained the "workings of the entire
4  mortgage loan transaction, how the rates, finance charges, costs and fees were computed, nor
5  the inherent volatility of the loan product(s) provided."  The terms of the loan were provided in
6  English, rather than in plaintiff's native Spanish, and no final loan document was provided to
7  plaintiff.  A deed of trust on the property was held by WaMu to secure the loan.  WaMu was
8  subsequently replaced as lender by Chase (First Amd. Compl. ¶¶ 2, 11, 13–16, 22).

9  Beginning in 2009, plaintiff sought to apply for a loan modification by submitting
10 information and documents to WaMu, FHLMC and Chase.  Plaintiff received no response or
11 assistance in obtaining a modification.  Upon learning of impending foreclosure, plaintiff sought
12 to postpone the sale of her home but was refused additional time for the review of loan
13 modification documents.  In October 2010, the subject property was sold at public auction to
14 FHLMC (*id.* ¶¶ 22–24).

15 Plaintiff originally filed this action *pro se* in the Santa Clara County Superior Court in
16 December 2010.  Defendants removed the action.  After retaining counsel, plaintiff filed an
17 amended complaint on March 16, 2011.  Defendants initially filed their motion to dismiss in
18 April.  Subsequently, plaintiff relieved her counsel in favor of proceeding *pro se*.  Plaintiff failed
19 to timely file an opposition or statement of non-opposition to defendants' motion.  In September,
20 this action was reassigned to the undersigned judge and defendants renoticed their motion to
21 dismiss plaintiff's first amended complaint, which plaintiff again failed to timely oppose.  Upon a
22 showing of cause, the Court permitted plaintiff to file her late opposition on November 29.
23 Defendants filed a reply.  Plaintiff proceeds *pro se.*

24 Plaintiff's first amended complaint asserts eight claims:  (1) declaratory relief; (2) breach
25 of implied covenant of good faith and fair dealing; (3) fraud; (4) intentional misrepresentation
26 of fact; (5) violation of California Unfair Competition Law, Business and Professions Code
27 Section 17200 *et seq.*; (6) unconscionability; (7) predatory lending in violation of California
28 Unfair Competition Law, Business and Professions Code Section 17200; and (8) wrongful

foreclosure in violation of California Civil Code Section 2923.6. Defendants now move to dismiss all of these claims pursuant to FRCP 12(b)(6).

## ANALYSIS

### 1. STANDARD OF REVIEW.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. FRCP 12(b)(6); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that defendants are liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 1949–50 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).

### 2. REQUEST FOR JUDICIAL NOTICE.

Defendants have requested that judicial notice be taken of the following documents: (1) a deed of trust, recorded with the Santa Clara County Recorder's Office on April 17, 2007, as instrument number 19387327; (2) a substitution of trustee recorded with the Santa Clara County Recorder's Office on October 28, 2009 as instrument number 20482052; (3) a notice of default, recorded with the Santa Clara County Recorder's Office on September 16, 2009 as instrument number 20434616; (4) an assignment of deed and trust recorded with the Santa Clara County Recorder's Office on October 18, 2010 as instrument number 20915833; (5) a trustee's deed upon sale recorded with Santa Clara County Recorder's Office on October 18, 2010 as instrument number 20915834; (6) complaint in *Carnero v. Washington Mutual, et. al.*, filed in this district in 2009 ("First Federal Case"); (7) order granting motions to dismiss initial complaint in First Federal Case, filed March 22, 2010; (8) first amended complaint in First Federal Case, filed April 22, 2010; (9) order granting motions to dismiss first amended complaint in First Federal Case, filed August 23, 2010; (10) second amended complaint in First Federal Case; (11) order granting motions to dismiss second amended complaint in First Federal

1  Case, filed November 22, 2010; (12) judgment in *FHLC v. Gabriela Carnero*, *et. al.*, entered in
2  Santa Clara Superior Court ("Unlawful Detainer Case") on February 2, 2011; (13) a writ of
3  possession issued in Unlawful Detainer Case on February 24, 2011; and (14) the purchase and
4  assumptions agreement between the FDIC and Chase dated September 25, 2008. Plaintiff does
5  not object. All of these documents are matters of public record. Accordingly, defendants'
6  request for judicial notice is **GRANTED** pursuant to Federal Rule of Evidence 201(b).

    **3.    PRIOR LITIGATION.**

    In 2009, plaintiff filed a *pro se* complaint in Santa Clara Superior Court naming seven defendants including JPMorgan Chase Bank, MERS, Quality Loan Service Corporation, and Chase Home Financial. The action was subsequently removed to federal court. Plaintiff's original complaint in the first federal action alleged 22 claims under both state and federal law. The alleged claims arose out of both the April 2007 loan transaction and foreclosure on the subject property. Plaintiff was given two opportunities to amend her complaint. In her second amended complaint, plaintiff omitted all state law claims in an effort to adhere to a suggested page limit and on the belief that "[the judge] will remand these state related counts to state" (RJN Exh. J at 9). All remaining claims against the moving defendants were dismissed with prejudice and without leave to amend (RJN Exh. K). Because plaintiff failed to serve Quality Loan and Chase Home Financial, Judge Jeremy Fogel dismissed plaintiff's claims against these defendants without prejudice for failure to prosecute (*ibid.*).

    In October 2010, FHLMC brought an unlawful detainer action against plaintiff in the Santa Clara Superior Court. Judgment was entered after trial in favor of FHLMC, and a writ of possession was issued in February 2011.

    Defendants argue that *res judicata* and the related doctrine of collateral estoppel bar plaintiff from asserting wrongful foreclosure claims in this action (Br. 5). On the merits, plaintiff fails to establish any ground for relief against defendants in her complaint. This order need not reach and reserves judgment on the preclusive effect of prior litigation on the present action.

4

### 4. BREACH OF GOOD FAITH AND FAIR DEALING.

Plaintiff alleges defendants breached the covenant of good faith and fair dealing by "willfully withholding numerous disclosures," "willfully placing plaintiff in a loan that she did not qualify for," "willfully unilaterally rejecting refusing to negotiate with plaintiff toward an affordable payment even when plaintiff satisfied all prerequisites," and "unilaterally denying and ignoring modification requests multiple times even when plaintiff made all required submissions of conditions" (First Amd. Compl. ¶ 32).

Under California law, a claim for breach of the implied covenant under contract law is necessarily based on the existence of an underlying contractual relationship. The covenant requires that no party to the contract do anything which would deprive the others of the benefits of the contract. Parties are not required to negotiate in good faith prior to any agreement. *McClain v. Octagon Plaza, LLC*, 159 Cal. App. 4th 784, 799 (2008). "[A]bsent those limited cases where a breach of a consensual contract term is not claimed or alleged, the only justification for asserting a separate cause of action for breach of the implied covenant is to obtain a tort recovery." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990).

Plaintiff's factual assertions relate to negotiations between the parties before the formation of the existing loan agreement, and attempts to negotiate changes to that agreement (First Amd. Compl. ¶ 32). Accordingly, defendants' motion to dismiss plaintiff's breach of good faith and fair dealing claim is **GRANTED.**

### 5. PREDATORY LENDING.

Plaintiff's fifth and seventh claims allege predatory lending and other violations of California Unfair Competition Law Business and Professions Code Section 17200 *et seq*. Plaintiff's allegations all pertain to the marketing, underwriting and terms of the April 2007, loan (First Amd. Compl. ¶¶ 50–53, 59–65).

Defendants were not the parties responsible for marketing the loan or negotiating or drafting the terms of the agreement. On September 25 2008, the Office of Thrift Supervision

5

1  closed WaMu and appointed the FDIC as receiver. Defendant Chase entered into a purchased

2  and assumption agreement with the FDIC which included the following provision:

> **2.5  Borrower Claims**. Notwithstanding anything to the contrary in this Agreement, any liability associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower, whether or not such liability is reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, legal or equitable, judicial or extra-judicial, secured or unsecured, whether asserted affirmatively or defensively, related in any way to any loan or commitment to lend made by the Failed Bank [WaMu] prior to failure, or to any loan made by a third party in connection with a loan which is or was held by the Failed Bank's lending or loan purchase activities are *specifically not assumed by the Assuming Bank* [Chase]

(RJN Exh. N (emphasis added)). This provision insulates Chase from liability for actions by WaMu prior to September 25, 2008, but not for its own actions in servicing the loan. *Biggens v. Wells Fargo & Co.*, 266 F.R.D. 399, 414-415 (N.D. Cal. 2009) (White, J.).

Plaintiff's predatory lending and unfair competition claims pertain solely to the loan terms and underwriting process of the April 2007 refinancing. Although plaintiff includes "all defendants" under this claim, none of plaintiff's allegations relates to actions by any defendant other than WaMu or Chase. Plaintiff does not assert actions by Chase after the date of the purchase and assumption agreement. Plaintiff appears to argue that Chase is also liable as successor-in-interest to WaMu. Chase is not the successor-in-interest to WaMu, because it acquired assets from the FDIC, not WaMu. Accordingly, defendants' motion to dismiss plaintiff's fifth and seventh claims is **GRANTED.**

**6.  FRAUD.**

Plaintiff's third and fourth claims allege defendants committed fraud by suppression of information and intentional misrepresentations of fact. Specifically, plaintiff alleges that representations made to her at the time of her loan signing were false or misleading as to the nature of the loan and plaintiff's ability to qualify. Plaintiff alleges she relied on these representations in accepting the loan.

The elements of fraud are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or scienter); (c) intent to defraud, i.e. to induce

6

reliance; (d) justifiable reliance; and (e) resulting damage. *Small v. Fritz Cos., Inc.*, 30 Cal. 4th 167, 173 (2003). Federal Rule of Civil Procedure 9(b) requires that in all averments of fraud the circumstances constituting fraud must be stated with particularity. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). Rule 9(b) serves to give defendants notice of the specific fraudulent conduct against which they must defend. *See Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001).

Plaintiff fails to meet this standard as to the moving defendants. The limited factual bases alleged in connection with plaintiff's fraud claims took place during or before the signing of the April 2007 loan, prior to the purchase-and-assumption agreement. Plaintiff's only allegation specific to defendants, made for the first time in her opposition, is that all defendants "conspired and agreed among themselves to conceal from plaintiff the true nature of the loan that they had lured plaintiff into accepting" (Opp. 9). Conclusory conspiracy allegations are not enough. Accordingly, defendants' motion to dismiss plaintiff's fraud claims is **GRANTED.**

### 7. UNCONSCIONABILITY.

Plaintiff asserts a claim for unconscionability under UCC Section 2-3202. Plaintiff rests this claim on the "deception, unfair bargaining position, lack of adherence to the regulations, civil codes and federal standards," coupled with the "windfall defendants reaped financially from their predatory practices upon plaintiff," a court could find the loan agreement unconscionable (First Amd. Compl. ¶ 54). UCC Section 2–3202 is codified in California in Civil Code Section 1670.5. Section 1670.5, however, does not create an affirmative claim for unconscionability but merely codifies the defense of unconscionability to contract formation. *Dean Witter Reynolds, Inc. v. Superior Court*, 211 Cal. App. 3d 758, 766, 259 Cal. Rptr. 789 (1989). While plaintiff directly quotes the statute language, she fails to assert any factual basis for relief on grounds of unconscionability. Accordingly, defendants' motion to dismiss this claim is **GRANTED.**

7

### 8.     CLAIM FOR FAILURE TO MODIFY LOAN.*

Plaintiff's eighth claim alleges violations of California Civil Code Section 2923.6. Plaintiff seeks "equity from the Court, whereby the foreclosure sale is to be declared as wrongful, void and of no force and effect," and declaratory judgment that plaintiff is owner of the property in question. Plaintiff alleges defendants Chase and FHLMC "engaged in acts or practices in violation of California Civil Code Section 2923.6" by failing to "perform a meaningful review of her loan modification request" (First Amd. Compl. ¶¶ 66 –75).

Section 2923.6 provides:

> (a) The legislature finds and declares that any duty servicers may have to maximize net present value under their pooling and servicing agreement is owed to all parties in a loan pool, not to any particular parties, and that a servicer acts in the best interests of all parties if it agrees to or implements a loan modification or workout plan for which both of the following apply:
>
> (1) The loan is in payment default, or payment default is reasonably foreseeable.
>
> (2) Anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.
>
> (b) It is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification is consistent with its contractual or other authority.

Defendant is correct that Section 2923.6 does not operate substantively to provide a private right of action. Although our court of appeals has not yet weighed in on this issue, district courts in this circuit have found "that the legislative history, intent, and plain language of [Section] 2923.6 makes it clear that servicers are not obligated to offer loan modifications to borrowers," and it does not provide a private claim for relief to borrowers. *Bulaoro v. Oro Real, Inc.*, 2011 WL 6372458 (N.D.Cal Dec. 20, 2011) (Alsup, J) (quoting *Dizon v. Cal. Empire Bancorp, Inc.*, 2009 WL 3770695 at *5 (C.D.Cal. Nov. 9, 2009) (Snyder, J.)). Because the statute does not provide a private claim for plaintiffs, plaintiff's claim for relief under

---

* Both parties address plaintiff's eighth claim under the title "wrongful foreclosure." Plaintiff alleges defendants failed to modify her loan, not that the foreclosure proceeding was procedurally flawed. Accordingly, this order need not address defendants' additional arguments as to the validity of the foreclosure sale.

8

Section 2923.6 necessarily fails. Defendants' motion to dismiss plaintiff's Section 2923.6 claim is **GRANTED.**

9. **DECLARATORY RELIEF.**

Plaintiff asserts a separate claim for declaratory relief. Declaratory relief is a remedy and not an independent basis for recovery. As determined by this order, each of plaintiff's claims for recovery fails. Because plaintiff alleges no alternative basis for declaratory relief, defendants' motion to dismiss this claim is **GRANTED.**

10. **NEW CLAIMS.**

In her opposition memoranda, plaintiff advances several new arguments for relief against defendants as well as parties not named in the instant action. Plaintiff was not granted leave to amend the first amended complaint nor did the parties stipulate to a further amendment. Under Rule 15(a)(1) a party "may amend its pleading once as a matter of course before being served with a responsive pleading, or within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar." Defendants renoticed their motion to dismiss plaintiff's first amended complaint in October 2011. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FRCP 15(a)(3). Because plaintiff did not get written consent from defendants or obtain leave from the Court, plaintiff must seek leave to amend before the Court may consider these new claims.

**CONCLUSION**

For the foregoing reasons, defendants' motion is **GRANTED.** All of plaintiff's claims against defendants are **DISMISSED.**

As to the claims dismissed above, plaintiff may seek leave to amend the complaint and will have **FOURTEEN CALENDAR DAYS** from the date of this order to file a motion, noticed on the normal 35-day track, for leave to file an amended complaint. A proposed amended complaint must be appended to the motion. The motion should clearly explain how the

9

amendments to the complaint cure the deficiencies identified herein. Failing that, as sad as this circumstance may be, judgment will be entered for defendants.

**IT IS SO ORDERED.**

Dated: January 23, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE