United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GABRIELA CARNERO,

    Plaintiff,

  v.

FEDERAL HOME LOAN MORTGAGE
CORPORATION, JP MORGAN CHASE,
dba WASHINGTON MUTUAL, F.S.B.,
CHASE HOME FINANCE LLC,
QUALITY HOME LOAN SERVICE
CORPORATION, and DOES 1-20,
inclusive,

    Defendants.
                            /

No. C 11-1029 WHA

**ORDER GRANTING DEFENDANTS' MOTION TO EXPUNGE *LIS PENDENS*; DENYING REQUEST FOR ATTORNEY'S FEES, AND GRANTING REQUEST FOR JUDICIAL NOTICE**

## INTRODUCTION

In this foreclosure action, defendants move to expunge notice of pending action, request attorney's fees in conjunction with this motion, and request judicial notice of specified documents. For the reasons stated below, the motion to expunge is **GRANTED**. The request for attorney's fees is **DENIED**. The request for judicial notice is **GRANTED**.

## STATEMENT

Defendants JP Morgan Chase Bank, N.A., Chase Home Finance, LLC, and Federal Home Loan Mortgage Corporation move to expunge *lis pendens* recorded as Instrument Number 21060494 on January 25, 2011, at the subject property, commonly known as 5645 Blossom Avenue, San Jose, CA 95123.

1   Plaintiff Gabriela Carnero proceeds *pro se* in her opposition to the instant motion.
2 Plaintiff refinanced the subject property and obtained a $345,000 loan from Washington Mutual
3 secured by first deed of trust on the property. Defendant JP Morgan Chase replaced WAMU as
4 the original lender. Defendants JP Morgan Chase and Chase Home Finance are servicers of the
5 loan. Defendant FHLMC is the current beneficiary on the deed of trust (First. Amd. Compl. ¶¶ 2,
6 11).

7   Plaintiff alleges that she was not provided full disclosure of the terms of the loan prior to
8 signing it, that no determination was made of her ability to repay the loan, and that the terms of
9 the loan were not explained to her in Spanish, her primary language. Furthermore, plaintiff
10 alleges that defendants advertised loan modification and other alternatives to plaintiff, but she
11 was given "no real assistance" and was never given a final loan document (*id.* at ¶¶ 13, 14, 22).

12  On or about October 14, 2010, plaintiff was served with a trustees deed upon sale
13 "confirming that said property was sold by said Trustee at public auction on October 6, 2010." At
14 the time of the filing of the first amended complaint on March 16, 2011, plaintiff still resided in
15 the subject property (*id*. at ¶¶ 22, 23).

16  Plaintiff commenced this action in Santa Clara County Superior Court on December 27,
17 2010. Defendant FHLMC removed the action to federal court on March 4, 2011, pursuant to 12
18 U.S.C. 1452(f). Plaintiff then filed an amended complaint alleging eight claims for relief: (1)
19 declaratory relief; (2) breach of good faith and fair dealing; (3) fraud; (4) intentional
20 misrepresentation of facts; (5) unfair and deceptive acts and practices; (6) unconscionability;
21 (7) predatory lending; and (8) wrongful foreclosure.

22  This action was reassigned to the undersigned judge on September 27, 2011. Defendants
23 renoticed their motions to dismiss and to expunge *lis pendens* on October 21. Plaintiff failed to
24 timely respond. The motion hearing was vacated and an order to show cause issued. Plaintiff
25 responded to the order to show cause and filed an opposition to the renoticed motions, which
26 appeared to address only the motion to dismiss. A briefing schedule was set and plaintiff was
27 afforded an opportunity to resubmit an opposition in order to address the motion to expunge *lis*
28 *pendens.* Plaintiff did so.

2

This is the second federal action involving a foreclosure dispute of the subject property. In the prior federal action, Judge Jeremy Fogel dismissed plaintiff's claims without leave to amend after having provided plaintiff with two opportunities to amend her complaint to state viable claims. By order dated January 19, 2011, Judge Fogel granted defendants' motion to expunge *lis pendens* on the same property that is the subject of this action (Br. Exh. B). On January 25, 2011, plaintiff recorded a second *lis pendens* on the subject property; that *lis pendens* is the subject of the instant motion.

**ANALYSIS**

### 1. STANDARD.

Federal courts look to the law of the state where the property resides in matters concerning *lis pendens*. *See* 28 U.S.C. 1964. California law provides, "[a] party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged." CAL. CIV. PROC. CODE § 405.20. California also sets prerequisites to recording the notice in Section 405.21:

> An attorney of record in an action may sign a notice of pendency of action. Alternatively, a judge of the court in which an action that includes a real property claim is pending may . . . approve a notice of pendency of action. A notice of pendency of action shall not be recorded unless (a) it has been signed by the attorney of record, (b) it is signed by a party acting in propria persona and approved by a judge as provided in this section, or (c) the action is subject to Section 405.6 [governing eminent domain].

In opposition to a motion to expunge, the party who recorded the notice of *lis pendens* has the burden of proof. *Id.* § 405.30. In order to carry the burden, the recording party must demonstrate that "the pleading on which the notice is based does . . . contain a real property claim" and establish "by a preponderance of the evidence the probable validity of the real property claim." *Id.* §§ 405.31, 405.32. A real property claim is defined as a claim in a pleading "which would, if meritorious, affect (a) title to, or the right to possession of, specific real property." *Id.* § 405.4. Probable validity "means that it is more likely than not that the claimant will obtain a judgment against the defendant on the claim." *Id.* § 405.3.

3

### 2. *LIS PENDENS*.

Plaintiff, through counsel at the time, recorded a *lis pendens* on January 25, 2011, on the subject property. Plaintiff makes no substantive response in opposition to the motion to expunge *lis pendens*, even after being provided a second opportunity to do so. Her opposition brief recounts the procedural history of this action and restates some of her claims. She does not contend that any of her claims are real property claims. Nor does she establish by a preponderance of the evidence the probable validity of her claims. Thus, plaintiff has not met her statutory burden in opposing the motion to expunge.

Furthermore, as stated in the order on the motion to dismiss filed concurrently herewith, each of plaintiff's claims for relief is dismissed. Accordingly, defendants' motion to expunge the *lis pendens* recorded on January 25, 2011, is **GRANTED**.

### 3. ATTORNEY'S FEES.

Pursuant to California Code of Civil Procedure Section 405.38, defendants request an award of $1,900 in attorney's fees for bringing the instant motion. Section 405.38 is discretionary and states that fees can be denied when "circumstances make the imposition of attorney's fees and costs unjust. Defendants argue they should be awarded attorney's fees because the complaint never alleged a valid property claim and "plaintiff did not act with substantial justification in recording the *lis pendens*" (Br. 5).

The circumstances would render an award of attorney's fees to defendants unjust. *See Cruz v. Wachovia*, 775 F. Supp. 2d 1188, 1191 (C.D. Cal. 2011) (Matz, J.). Plaintiff has already endured the loss of her home after receiving a loan she could not repay. The order will not saddle plaintiff with the obligation to pay $1900 in attorney's fees to defendants, who are all large financial institutions. Accordingly, defendants' request for attorney's fees is **DENIED**.

### 4. REQUEST FOR JUDICIAL NOTICE.

Pursuant to Federal Rule of Evidence 201, defendants request judicial notice be taken of the (1) notice of pendency of action recorded on January 25, 2011, in Santa Clara County Recorder's Officer as Instrument Number 21060494 and (2) amended order granting motion to expunge *lis pendens* in *Carnero v. Washington Mutual, et al.*, 09-5330 (Fogel, J.). Both

4

documents are matters of public record and the proper subject of judicial notice. Thus, the request for judicial notice is **GRANTED**.

## CONCLUSION

For the foregoing reasons, the motion to expunge *lis pendens* is **GRANTED**. Defendant's request for attorney's fees is **DENIED**. The request for judicial notice is **GRANTED**.

**IT IS SO ORDERED.**



Dated: January 23, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE