IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELA R. CARNERO, | |
| Plaintiff, | No. C 11-01029 WHA |
| v. | |
| FEDERAL HOME LOAN MORTGAGE CORPORATION, J.P. MORGAN CHASE BANK, N.A. dba WASHINGTON MUTUAL F.S.B., CHASE HOME FINANCE LLC, QUALITY LOAN SERVICE CORPORATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and DOES 1–20, inclusive, | **ORDER DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND DISMISSING ALL CLAIMS** |
| Defendants. | |

**INTRODUCTION**

In this foreclosure action, plaintiff moves for leave to file a second amended complaint. Because plaintiff's proposed amended complaint does not cure the deficiencies identified in the dismissal order, plaintiff's motion must be **DENIED.**

**STATEMENT**

This action arises out of a 2007 mortgage refinancing. Plaintiff obtained a $345,000 loan against the subject property from Washington Mutual F.S.B. ("WaMu"), which was approved on the basis of plaintiff's stated income and credit scores. WaMu exercised no further due diligence in determining plaintiff's ability to repay. The terms of the loan were provided in English rather

than in Spanish, plaintiff's native language. WaMu was subsequently replaced as lender by JP Morgan Chase Bank, N.A. (First Amd. Compl. ¶¶ 2, 11, 13–16, 22).

In 2009, upon learning of impending foreclosure, plaintiff sought to modify the loan by submitting information and documents to defendants . Plaintiff received no response or assistance in obtaining a modification, and was denied postponement of foreclosure. In October 2010, the property was sold at public auction to defendant Federal Home Loan Mortgage Corporation ("FHLMC") (*id.* ¶¶ 22–24).

Plaintiff has previously litigated claims against defendants in a federal action filed in 2009. In the first action, plaintiff asserted 22 claims under both state and federal law arising out of the 2007 loan transaction. Plaintiff proceeded in that action *pro se*, and was given two opportunities to amend her complaint. In the second amended complaint in that action, plaintiff omitted all state law claims in an effort to adhere to a suggested page limit and on the belief that the judge would remand plaintiff's state law claims to the state court. All of plaintiff's claims in that action were subsequently dismissed with prejudice.

Plaintiff then filed the instant action *pro se* in Santa Clara County Superior Court in December 2010, alleging only state law claims. Defendant FHLMC removed the action to this district. After retaining counsel, plaintiff filed an amended complaint on March 16, 2011. Plaintiff thereafter relieved counsel and now proceeds *pro se*.

Defendants FHLMC, JPMorgan Chase Bank, N.A. and Chase Home Finance LLC (collectively "Chase") moved to dismiss plaintiff's first amended complaint. Defendant Mortgage Electric Registration Systems, Inc. ("MERS") subsequently joined that motion. Plaintiff was permitted to file a late opposition. Following full briefing and a hearing on defendants' motion, an order issued dismissing all of plaintiff's claims pursuant to FRCP 12(b)(6). Because the dismissal order found that each of plaintiff's state law claims failed, it did not reach the preclusive effect of prior litigation on the present action. Plaintiff was given fourteen calendar days to seek leave to file a second amended complaint, and was instructed to append a proposed amended complaint to her motion and clearly explain how the proposed amendments to the complaint cure the deficiencies identified in that order.

2

Plaintiff now moves for leave to file a second amended complaint. Plaintiff's motion does not state how the amended pleading cures the deficiencies identified by the dismissal order. Plaintiff's proposed second amended complaint adds claims against a new defendant, the FDIC. The proposed second amended complaint alleges the state law claims previously asserted as well as an additional set of claims against the FDIC. Much of the added content appears to be copied directly from online sources about the recent mortgage crisis and resulting financial instability. Defendants FHLMC, Chase and MERS have opposed the instant motion. Plaintiff did not file a reply, and failed to appear at the motion hearing scheduled for March 22, 2012.

**ANALYSIS**

Leave to amend a complaint should be freely given when justice so requires under FRCP 15(a)(2). This standard is applied liberally. "In the absence of any apparent or declared reason — such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc. — the leave sought should, as the rules require, be freely given." *Foman v.Davis*, 371 U.S. 178, 182 (1962). "Leave to amend need not be granted when an amendment would be futile." *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1097 (9th Cir. 2002).

All of plaintiff's proposed amended claims would be subject to dismissal. Plaintiff has failed to allege any new facts that would give rise to a cognizable claim against the named defendants.

**1. BREACH OF GOOD FAITH AND FAIR DEALING.**

The dismissal order found that plaintiff's claim for breach of good faith and fair dealing alleged against all defendants failed because plaintiff's factual assertions related to negotiations between the parties before the formation of the existing loan agreement and attempts to negotiate changes to that agreement (First Amd. Compl. ¶ 32). Parties are not required to negotiate in good faith prior to any agreement. *McClain v. Octagon Plaza, LLC*, 159 Cal. App. 4th 784, 799 (2008).

3

1    Plaintiff amends this claim by rephrasing allegations that defendants withheld
2 disclosures, placed her in a loan she did not qualify for, and refused to negotiate to modify the
3 loan. Plaintiff also alleges that "plaintiff establishes the breach of an express provision in the
4 contract, thereby enabling the banks including the FDIC to take the entire collateral . . ."
5 (Dkt. No. 55 ¶ 33). These conclusory assertions do not cure the deficiency in this claim.

### 2. PREDATORY LENDING AND UNFAIR BUSINESS PRACTICES.

The dismissal order found that plaintiff could not assert her predatory lending and unfair competition claims against the named defendants because only WaMu was party to the April 2007 transaction, and Chase is not its successor-in-interest. While plaintiff asserted these claims against "all defendants," no factual allegations identified named defendants other than Chase. WaMu's assets, including its loans, were seized by the Office of Thrift Supervision in 2008. Chase subsequently obtained WaMu's assets through a purchase-and-assumption agreement with the FDIC. As a part of that agreement, Chase was relieved of liability for borrower claims for actions by WaMu in connection with its loans.

Plaintiff's proposed second amended complaint adds that "plaintiff properly alleges [these] claims," and that all defendants except the FDIC have engaged in "bait and switch tactics, making loans without providing borrowers with sufficient, accurate and understandable information regarding the terms and conditions of the loan . . ." (Dkt. No. 55 ¶¶ 94–104). Plaintiff has not cured the identified deficiency in pleading, as no specific conduct occurring after the time of the purchase-and-assumption agreement is asserted.

### 3. FRAUD CLAIMS.

The dismissal order found that plaintiff's fraud allegations failed to meet the heightened pleading standard under FRCP 9(b). That order also found that plaintiff's factual allegations all pertained to representations made in 2007, before the purchase-and-assumption agreement.

Plaintiff amends these claims to add that she relied on misrepresentations in transacting with the FDIC. Plaintiff points to the exhibits appended to the second proposed amended complaint, which contain selections from the 2007 loan application, a portion of the TILA disclosure statement dated 2007, a "rescission letter" dated 2009, a "demand letter" dated 2009,

4

and a schedule of losses plaintiff attributes to the refinancing (*id*. ¶ 45; Carnero RJN Exhs. A–E). None of these allegations or documents refer to conduct by any of the defendants subsequent to the purchase-and-assumption agreement described above. Plaintiff could not have relied on representations by WaMu to transact with the FDIC — the FDIC merely acted as receiver for already-existing WaMu assets. No specific allegations are made against any other defendant. Plaintiff has accordingly failed to cure the deficiencies in these claims.

### 4. UNCONSCIONABILITY.

Plaintiff seeks to amend her unconscionability claim. Plaintiff's proposed second amended complaint asserts that the April 2007 loan is unconscionable because it was obtained by fraudulent misrepresentations (Dkt. No. 55 ¶¶ 84–92). As stated in the dismissal order, California Civil Code Section 1670.5 does not create an affirmative claim for unconscionability, but merely codifies the defense of unconscionability to contract formation. Thus, the amended unconscionability claim cannot cure the defect in plaintiff's earlier pleading.

### 5. CLAIM FOR FAILURE TO MODIFY LOAN.

Plaintiff seeks to amend her claim for failure to modify the loan in violation of California Civil Code Section 2923.6. Plaintiff's proposed second amended complaint asserts that defendants "did not attempt to determine if plaintiff's circumstances warranted offering a modification or work-out plan" (Dkt. No. 55 ¶ 111). As stated in the dismissal order, California does not recognize a private claim for relief on this basis. Servicers are not obligated to offer loan modifications to borrowers. Plaintiff's amendment thus cannot cure this defect.

### 6. DECLARATORY RELIEF.

Plaintiff seeks to amend her claim for a declaratory judgment that her loan is invalid as contrary to public policy. Plaintiff's amended allegations relate to the absence of a "nexus" between the borrower and lender (*id*. ¶¶ 21–24). As stated in the order of dismissal, declaratory relief is a remedy and not an independent basis for recovery. Plaintiff's proposed second amended complaint fails to provide any basis for a declaratory judgment.

**7. NEW CLAIMS.**

Plaintiff includes several new claims against all defendants in the proposed second amended complaint, asserting violations of the UCC, IRC, RICO or CERCLA. These claims state only that the FDIC violated its mission by "allowing the banks to force plaintiff to lose her house without the proper disclosure and due diligence." Aside from stating the FDIC's policies and values, plaintiff points to no facts in support of any claim against the FDIC or any other defendant (*id.* ¶¶ 117–121). These allegations would not be sufficient to withstand a motion to dismiss under FRCP 12(b)(6).

Plaintiff's proposed second amended complaint also alleges a new claim for Section 17200 violations against all named defendants. Under Section 17200, the plaintiff must assert an "unlawful, unfair or fraudulent business act or practice." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). Section 17200 establishes three alternative bases for finding illegal conduct: (1) unlawful; (2) unfair and deceptive; or (3) fraudulent.

Plaintiff's new allegations relate to securitization of loans, in general, and payment of investors. Plaintiff does not assert that she invested in an asset-backed security, but rather that she was party to a loan contained therein. Plaintiff states that the "deed of trust is invalid for an investment security," such that "a foreclosure is improper and should be voidable" (Dkt. No. 55 ¶¶ 66–77). No specific actions on the part of any party are alleged. Vague or general assertions cannot support plaintiff's claim for fraudulent business practices. Plaintiff's new Section 17200 claim would accordingly be subject to dismissal.

**8. REQUESTS FOR JUDICIAL NOTICE.**

Both plaintiff and defendants have requested that judicial notice be taken of documents appended to their filings. Because this order does not rely on these documents, both plaintiff's and defendants' requests for judicial notice are **DENIED AS MOOT.**

## CONCLUSION

The dismissal order notified plaintiff that, if she failed to cure the deficiencies in her complaint, "as sad as this circumstance may be, judgment will be entered for defendants."

6

Plaintiff has had ample opportunity to assert any and all claims she may have against these defendants in this action and in prior litigation. The time for finality has come. Because this order finds that plaintiff has failed to cure the deficiencies in the first amended complaint, and because plaintiff's proposed second amended complaint would be subject to dismissal as against all defendants, plaintiff's motion for leave to file a second amended complaint is **DENIED.** All of plaintiff's claims against defendants are **DISMISSED WITHOUT LEAVE TO AMEND.**

By way of clarification, it appears that Quality Loan Service Corporation ("Quality Loan") has not been served and has not made an appearance. While Quality Loan is not one of the moving parties that led to dismissal, no effort has been made by plaintiff to take a default judgment as to Quality Loan, which indicates this defendant has not been served. The time in which to effect service has long since passed. Quality Loan will not be included in the judgment, but this order hereby dismisses the entire action, as all appearing defendants have shown that this action is futile.

**IT IS SO ORDERED.**

Dated: March 28, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE